IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE MICHAEL CRAIG KELLY, | § | |
| | § | |
| Debtor. | § | |
| | § | |
| DIANE G. REED, Trustee, | § | Civil Action No. 3:18-CV-0290-D |
| | § | (Consolidated with |
| Plaintiff, | § | Civil Action No. 3:18-CV-0292-D) |
| | § | (Bank. Ct. No. 14-34582-SGJ-7; |
| VS. | § | Adv. No. 17-03119-SGJ) |
| | § | |
| SPRINGFIELD CONSULTING | § | |
| SERVICES, LLC, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

The court has conducted *de novo* review of the bankruptcy court's April 30, 2019 report and recommendation. Having considered the report and recommendation, the trustee's May 21, 2019 objection, and defendants' June 4, 2019 response to the objection, the court concludes that the report and recommendation of the bankruptcy court are correct, and they are therefore adopted.

In adopting the bankruptcy court's report and recommendation, the court addresses one matter for clarity. Plaintiff-trustee Diane G. Reed ("Reed") objects to the report and recommendation, contending, in part, that the signed listing agreements between Springfield Consulting Services ("SCS") and third parties who paid the commissions satisfy the Texas Occupation Code's ("TOC's") writing requirement.[1] Reed maintains that the writing requirement

---

[1] "A person may not maintain an action . . . to recover a commission for the sale or purchase of real estate unless the promise or agreement on which the action is based . . . is in writing and signed by the party against whom the action is brought[.]" Tex. Occ. Code Ann. § 1101.806(c) (West 2012).

does not bar her equitable claims.

The court concludes that the agreements between SCS and third parties do not satisfy the TOC's writing requirement because they are not the agreements on which Reed's action is based. *See* Tex. Occ. Code Ann. § 1101.806(c) (West 2012). Reed seeks turnover of funds to which debtor Michael Craig Kelly ("Kelly") allegedly is entitled. But the agreements between SCS and the third parties do not mention Kelly and therefore do not entitle him to any of the commissions paid to the company.[2]

The agreement Reed actually seeks to enforce, and indeed has relied upon in her original and amended complaints, is the alleged implied contract between SCS and Kelly to pay him a portion of the commissions received from the written agreements. An implied contract clearly fails to meet the TOC's writing requirement, and Reed's reliance on SCS's agreements with third parties does little to assist her in overcoming that hurdle. The existence of related signed agreements between SCS and third parties that neither mention Kelly nor allude to sharing commissions with him does not cure the absence of a writing on which her action is based.

---

[2]*See Boyert v. Tauber*, 834 S.W.2d 60, 62 (Tex. 1992) ("One of the essential elements of the written agreement providing for a commission on the sale of land is that the writing name the broker. The essential elements of a commission agreement cannot be supplied by parol evidence.") (citations omitted)). Here, Kelly was not named in the agreements between SCS and its clients, and parol evidence that he was the broker to which the payments should have been made is not admissible to satisfy this element. Therefore, these agreements do not provide Reed a basis for recovering the real estate commissions paid to SCS pursuant to their terms.

Accordingly, the court grants defendants' April 13, 2018 motion for summary judgment on first amended complaint and defendants' June 11, 2018 motion for partial judgment on the pleadings and dismisses with prejudice by judgment filed today Adversary Proceeding No. 17-03119-SGJ (docketed as this civil action on withdrawal of the reference).

**SO ORDERED**.

August 28, 2019.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE